UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK MARGIN                                          CIVIL ACTION

VERSUS                                               NO. 08-4605

SOCIAL SECURITY ADMINISTRATION                       SECTION "N" (3)

**ORDER AND REASONS**

Before the Court is an application for appointment of counsel [Doc. #23] filed by pro se plaintiff, Mark Margin ("Margin").[1] Margin appeals the Social Security Administration's denial of supplemental security income ("SSI") payments retroactively to May 1987, the date on which Margin alleges the onset of his disability.[2] The decision of the Administrative Law Judge ("ALJ") found Margin disabled since February 1989 but awarded him benefits retroactively only to December 2001, the month in which Margin filed his application for SSI payments.

On October 26, 2009, the undersigned Magistrate Judge conducted a telephone hearing on plaintiff's request for appointment of counsel, following which the matter was taken under advisement. The Court, having considered the complaint, the motion and the law, DENIES

---

[1] Although entitled "Motion for Oral Argument," the relief sought in the motion is the appointment of counsel.

[2] Margin was injured in a job-related incident on September 11, 1989. At that time, he worked for Sheriff Charles Foti as a deputy. When he last worked for Sheriff Foti, he received approximately $1400/month. He has been unable to work since. According to Margin, the injury occurred to his right shoulder and his knee. He testified that he needs surgery for a right shoulder replacement.

petitioner's application for appointment of counsel for the following reasons.

Congress has not specifically authorized courts to appoint counsel for plaintiffs who proceed under 42 U.S.C. § 405.  Here, the Court derives its power to "appoint counsel" from 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request any attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case.  *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).  Unlike a criminal defendant, an indigent civil litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Oct. 17, 2002) (Wilkinson, M. J. ).  Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.  *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).  The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166.  The plaintiff ultimately bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence that the Court must consider includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations.  Here, Margin is indigent, and this Court granted him leave to proceed *in forma pauperis*.  Margin testified

that, apart from his social security and Medicaid benefits, his sole income derives from sporadic mechanical work on cars. Margin testified that he has made numerous attempts to retain counsel but that no attorney will take his case, and no attorney ever explains why he or she will not represent him. Margin testified that he called every attorney in the local phone book. Attached to the motion are letters from New Orleans Legal Assistance, Southeast Louisiana Legal Services,[3] and the Law Offices of Rod Deus. All three letters decline the representation of Margin with regard to the instant claim. Nevertheless, this Court is not convinced that Margin's situation justifies the special benefit of having counsel appointed to represent him.[4]

In making this determination, the undersigned has considered all of the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213. The court has also considered whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

This remaining issue in this case is not complex. Indeed, the most complex aspect of this

---

[3] New Orleans Legal Assistance is an office of Southeast Louisiana Legal Services.

[4] The Court questions the veracity of Margin's search for counsel. Most plaintiffs in social security cases experience little difficulty in obtaining representation when they seek it. On request, the Social Security Administration will provide a plaintiff with a list of attorneys in the area who are willing to take these types of cases. In addition, because the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.*, allows the recovery of attorneys' fees to a prevailing plaintiff, the attorney is assured payment if the claim has merit and is successful.

3

case – securing social security disability benefits and SSI payments in the first instance – has already been done. The only dispute that still exists is the date of the onset of disability and Margin's entitlement to retroactive SSI payments. That issue is susceptible of summary disposition after review of the record (as are all issues in Social Security appeals). The Office of Disability Adjudication and Review decided the issue summarily and on the record, as will this Court. Accordingly, no witnesses need appear, no cross-examination will occur and no evidence need be presented.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him. Margin is 47-years old and has a high school education and one year of college. He is very articulate and had no difficulty presenting the circumstances of his appeal to the undersigned in the context of the telephone hearing. He was capable of filing his complaint and the *in forma pauperis* application. Moreover, the investigation appears to be complete, given that the appeal must be decided on the administrative record. As noted above, no trial is necessary here, and no presentation of evidence will be required. Plaintiff has thus failed to make the requisite showing that he is entitled to appointed counsel in this suit.

For the reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the Court with the presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's application for the appointment of counsel. Accordingly,

**IT IS ORDERED** that Mark Margin's application for appointment of counsel is DENIED.

**OBJECTIONS**

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within ten (10) days of the date that this order is entered, excluding weekends and holidays. Plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 28th day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**