# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK MARGIN | CIVIL ACTION |
| VERSUS | NO. 08-4605 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "N" (3) |

## ORDER AND REASONS

Before the Court is plaintiff Mark Margin's Motion for Reconsideration [Doc. #27] of this Court's earlier Order dated October 28, 2009 [Doc. # 25] that denied plaintiff's application for appointment of counsel. For the following reasons, the Court DENIES plaintiff's motion for reconsideration.

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in haec verba*. *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). Nevertheless, the Fifth Circuit has held that a motion for reconsideration may be classified under either Rule 59 or Rule 60, depending on the time of filing. *See id.; see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). Because plaintiff filed this motion after the 10 day cut-off for a motion to reconsider under Federal Rule of Civil Procedure 59(e), Rule 60 is applicable.

Under Rule 60(b), a court may reconsider an earlier order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence that could not have been discovered

with due diligence in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct, (4) the order is void; (5) the order has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable for the order to have prospective application; or (6) any other reason justifying relief from the operation of the order. Fed. R. Civ. P. 60(b). The sixth element is a "catch-all" factor that requires the mover to show extraordinary circumstances that justify reconsideration. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citations omitted). Here, given plaintiff's arguments and factual assertions, the only three applicable elements that potentially warrant reconsideration are the first, second and sixth elements of Rule 60(b).

The Court finds that plaintiff has not satisfied the Rule 60 standard by any of the enumerated factors that would justify granting a Motion to Reconsider. Attached to plaintiff's Motion for Reconsideration are:

(1) A letter from the Louisiana Attorney Disciplinary Board, rejecting plaintiff's complaint against former counsel, Linda Meyer;
(2) The State of Louisiana's Board of Review's Findings and Decision of Board of Review upon Review of Claim for Benefits, upholding the Administrative Law Judge;
(3) A letter from the LSU Health Sciences Center, noting that plaintiff's concerns are being internally investigated;
(4) A letter from the Law Offices of Michael E. Katz, notifying plaintiff that he can no longer handle his social security matter;
(5) A letter from the Law Offices of William S. Vincent, Jr., notifying plaintiff that Vincent secured a FULLY FAVORABLE DECISION in plaintiff's social security matter and strongly urging plaintiff not to appeal;
(6) An Initial Vocational Evaluation from Gisclair & Associates;
(7) A letter from the State of Louisiana Department of Social Services' Office of Community Services, notifying plaintiff that he is not eligible for its program given that – although he has a disability – he is employed;
(8) A copy of plaintiff's ledger and balance owed to date and the transmittal letter from

     Linda Meyer;
(9) The Supreme Court of Louisiana's writ denial;
(10) A motion for a status conference in plaintiff's state-court suit; and
(11) Plaintiff's settlement agreement.

Along with the attached exhibits, plaintiff argues that this Court failed to mention his former counsel Linda Meyer in its earlier order. Plaintiff also complains of the actions of former counsel Linda Meyer and W. Jared Vincent, the latter having secured a fully favorable outcome for plaintiff in his social security matter and who strongly urged plaintiff not to appeal a favorable outcome. Plaintiff also asserts that this Court's earlier order did not mention his bad back. Plaintiff also argues that a trial is necessary in his workers' compensation and social security suits.

Plaintiff's exhibits and his arguments do not change the result in this Court's earlier order that denied appointment of counsel. Indeed, there is NO workers' compensation suit in this Court so any mention of such a suit is of no moment. In addition, any complaint that plaintiff has against former counsel is more appropriately directed to the Louisiana Attorney Disciplinary Board, which, as demonstrated by plaintiff's exhibits, has already rejected his complaint against Linda Meyer. There has been no mistake, inadvertence, surprise, or excusable neglect here. Neither is there newly-discovered evidence that would bear on the appointment of counsel.

The only dispute that remains in this suit is the date of the onset of disability and plaintiff's entitlement to retroactive Supplemental Security Income ("SSI") payments. Plaintiff is ordered to comply with this Court's Amended Scheduling Order dated November 17, 2009 and brief to this Court why he is entitled to retroactive SSI payments at the risk of dismissal for failure to prosecute.

The Court notes that the library at the United States Court of Appeals for the Fifth Circuit is open to members of the public to research Social Security law (42 U.S.C. §§ 401-433 & 1381-1383d; 20 C.F.R. Parts 404 & 416).

For the foregoing reasons, the Court DENIES plaintiff's Motion fo Reconsideration [Doc. #27].

New Orleans, Louisiana, this 19th day of November, 2009.

                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**