# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK MARGIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4605** |
| **MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "N" (3)** |

### REPORT RECOMMENDING RULE 41(b) DISMISSAL OF PLAINTIFF's CASE WITH*OUT* PREJUDICE FOR FAILURE TO PROSECUTE

On October 6, 2008, plaintiff, Mark Margin, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision denying his application for Supplemental Security Income Payments. [Doc. #1]. On March 19, 2009, this Court placed the matter on the Call Docket because plaintiff had failed to serve defendant. [Doc. #10]. At the Call Docket, this Court passed the matter for 60 days but ordered that the matter be called again on June 24, 2009. [Doc. #11]. Defendant was properly served on April 27, 2009. [Doc. #17]. On July 31, 2009, defendant filed an answer to the complaint and, on August 18, 2009, a transcript of the entire record of the administrative proceedings and hearings before the Social Security Administration. [Doc. ##20, 22].

On August 4, 2009, the undersigned Magistrate Judge ordered the plaintiff to file a motion for summary judgment or memorandum setting forth a statement of his contentions on appeal no later than September 28, 2009. Plaintiff did not file a motion for summary judgment on that date

but instead filed a Motion for Oral Argument, which, after review, this Court construed as a motion to appoint counsel. [Doc. #23]. After a telephone hearing on the motion, the Court denied the motion to appoint counsel. [Doc. #25]. Plaintiff filed a Motion for Reconsideration [Doc. #27] on November 12, 2009. [Doc. #27]. The Court also denied that motion. [Doc. #28].

On November 17, 2009, this Court issued an Amended Briefing Schedule, ordering plaintiff to file his motion for summary judgment no later than January 8, 2010. [Doc. #26]. Plaintiff did not file his motion or otherwise attempt to comply with this Court's order.

On January 13, 2010, this Court issued a Rule to Show Cause ordering plaintiff to respond in writing no later than January 22, 2010 and explain why this matter should not be dismissed for failure to prosecute. [Doc. #29]. Plaintiff was also informed in writing that the undersigned would recommend dismissal for failure to prosecute absent an explanation for the failure to comply with the Court's briefing schedule. Additionally, plaintiff was advised that filing a memorandum or position statement as previously ordered would satisfy the subject rule to show cause and make an appearance unnecessary. A copy of the Rule to Show Cause was mailed to plaintiff and was not returned to the Court as undeliverable.

On January 20, 2010, plaintiff filed a Motion for More Time. [Doc. #30]. In the motion, plaintiff represented that he thought he had until January 28, 2010 to respond. He also noted that he had been sick and had trouble working on the lawsuit himself. After the Court received the motion, it issued another Order and Amended Rule to Show Cause [Doc. #31], in which the Court allowed plaintiff until February 12, 2010 to show cause why the case should not be dismissed for failure to prosecute. In the amended rule to show cause, the Court notified plaintiff that there would be no further extensions of time. The Court also noted that failure to respond would result in a

recommendation to the District Judge to dismiss the case for failure to prosecute.

On February 12, 2010, plaintiff filed a pleading entitled "Motion to Show Cause Why the Captioned Case Should Not Be Dismissed for Failure to Prosecute." [Doc. #32]. In the motion, plaintiff asks for "help or an oral hearing" to dispute the findings of the Administrative Law Judge. Plaintiff contends that the records clearly show problems with his right back and right shoulder and that such problems improved with treatment. Plaintiff maintains that a letter from Gary F. Carroll, M.D., which letters he has sent to the Court before, indicate that he never received the proper treatment until September 2007, when he began to receive Medicaid. Plaintiff also seeks a mediator or arbitrator to resolve this suit. Plaintiff also notes that he has included two letters from doctors that detail the conditions of his back, both wrists and both shoulders. Despite plaintiff's representations, he failed to attach any exhibits or documents to the motion.

Notwithstanding plaintiff's continued attempts to receive extensions of time in the instant case, a dismissal is warranted under Rule 41(b), which provides that unless otherwise specified by the Court, a dismissal for failure to comply with court orders operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). The purpose of a Rule 41(b) involuntary dismissal for failure to prosecute is to prevent undue delay of the disposition of pending cases. This suit has suffered much undue delay. Indeed, the Court has had to place the matter twice on the Call Docket and issue two Rules to Show Cause. Nothing has happened in this suit since its inception in October 2008.

However, an adjudication *on the merits* or dismissal *with* prejudice is an extreme sanction which is <u>not</u> recommended at this time. Dismissal with prejudice is only appropriate when the plaintiff's dilatory conduct has threatened the integrity of the judicial process. A dismissal with prejudice is proper when the record shows the plaintiff engaged in "purposeful delay or

3

contumacious conduct," and the imposition of lesser sanctions would either be futile or not in the best interest of justice. *Dorsey v. Scott Wetzel Servs., Inc.,* 84 F.3d 170, 171 (5th Cir.1996); *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996); *Hale-Wells v. Wells Fargo Servs.*, No. Civ. A. H-04-4715, 2006 WL 903712 (S. D. Tex. Apr. 6, 2006). Plaintiff has in fact failed to comply with the Court's two briefing orders, and his responses to the two Rules to Show Cause provide this Court with no way to adjudicate this case on the merits. Otherwise, the record reveals no other instance of dilatory or contumacious conduct, and there exists a lesser sanction which better serves the interests of justice.

Because plaintiff filed this case *pro se* and *in forma pauperis*, a monetary sanction is also inappropriate and could be considered excessive punishment. Moreover, plaintiff's indigence makes any monetary sanction ineffective. For the foregoing reasons, dismissal of the captioned case with*out* prejudice is recommended as the most appropriate least severe sanction.

In short, plaintiff has failed to comply with this Court's two briefing orders and two Rules to Show Cause. The record is devoid of evidence demonstrating good cause for the plaintiff's failure to prosecute his case. Simply responding to this Court's Rules to Show Cause by filing motions for extension of time and motions in which plaintiff seeks this Court's help do not satisfy the rules. Such motions are violations of the Rules to Show Cause themselves because they provide the Court with no substantive ground to determine why plaintiff has failed to move this case forward. Plaintiff can not continue to complain that he does not have an attorney to help him prepare his motion for summary judgment and evidence. The Court has resolved that matter [Doc. #25], and plaintiff failed to appeal the Court's order. Asking the Court for more time each time the Court issues a Rule to Show Cause is not good cause for plaintiff's failure to prosecute the case.

While the Court sympathizes with plaintiff's plight, this case has not moved forward since its inception in October 2008. This must end.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITH<u>OUT</u> PREJUDICE for failure to prosecute.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a *failure to object. Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 19th day of February, 2010.

                                          **DANIEL E. KNOWLES, III**
                                          **UNITED STATES MAGISTRATE JUDGE**